**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4091

VINCENT LOUIS HAYNES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-98-231-A)

Submitted: August 10, 1999

Decided: September 24, 1999

Before MURNAGHAN, NIEMEYER, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Sonya L. Sacks,
Special Assistant United States Attorney, Gene Rossi, Special Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vincent Louis Haynes appeals his conviction for his role in a conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (1994), and for possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Haynes was convicted after a jury trial and sentenced to 151 months in prison. On appeal, Haynes contests the denial of his motion to strike the testimony of a government informant, the results of his suppression hearing, the denial of his motion for a mistrial, and the rejection of his proposed instruction regarding the prosecution's role in determining the availability of sentence reductions for cooperating witnesses. Finding no merit to any of these assignments of error, we affirm Haynes' conviction.

The Government in this case failed to disclose the fact that one of its witnesses was a paid informant. See Brady v. Maryland, 373 U.S. 83, 87 (1963). However, Haynes discovered this information before the close of the Government's evidence and was therefore able to make effective use of the exculpatory information that was initially kept from him. See United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 n.6 (4th Cir. 1985). Furthermore, the information he received belatedly was sufficiently cumulative to survive a constitutional challenge. See United States v. Hoyte , 51 F.3d 1239, 1243 (4th Cir. 1995). The district court did not err in declining to strike the testimony of the paid informant.

Haynes assigns error to the district court's order denying Haynes' motion to suppress the physical evidence discovered as a result of his arrest. The district court correctly found that the arrest was amply supported by probable cause stemming from considerably more information that Haynes' mere association with the primary target of this investigation. See Beck v. Ohio, 379 U.S. 89, 91 (1964); see also

2

Ybarra v. Illinois, 444 U.S. 85, 91 (1979). Because the arrest was supported by probable cause and there is no plain error in the district court's failure to find that Haynes' consent to search his hotel room was somehow involuntary, see United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Gordon, 895 F.2d 932, 938 (4th Cir. 1990), the court did not err in denying the motion to suppress the evidence.

The district court did not abuse its discretion in refusing to give Haynes' proposed instruction. See United States v. Patterson, 150 F.3d 382, 389 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3436 (U.S. Jan 11, 1999) (No. 98-6967). The court correctly found that the prosecution's role in the possibility of sentence reductions for cooperating witnesses was "substantially covered by the court's charge to the jury." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995). Neither did the district court abuse its discretion in denying Haynes' motion for a mistrial. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). Haynes failed to show that the manner in which he was brought into the courtroom was"inherently prejudicial" or caused "actual prejudice." See Holbrook v. Flynn, 475 U.S. 560, 572 (1986).

Accordingly, we affirm Haynes' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3